**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKILI HESHIMU WILLIAMS,<br><br>            Petitioner,<br><br>    vs.<br><br>DOMINGO URIBE, JR., Warden,<br><br>            Respondent. | CASE NO.  CV 10-04266 SJO (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

        The Court will dismiss the action summarily because Petitioner expressly indicates his sole claim has not already been exhausted in the state courts, as is required for habeas relief.

        Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

<pre>                                                                                                </pre>

exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

Here, Petitioner raises only one claim, asserting ineffective assistance of counsel. He concedes that it has not yet been exhausted in the California Supreme Court. Indeed, he checked boxes on the form Petition indicating that he has not raised the claim in *any* state court before presenting it here. Pet. ¶ 7(a)(2), (3), (4).

With his petition, Petitioner included a motion for a "stay and abeyance" of this action, citing *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). The Court previously denied that motion for lack of good cause. In fact, a stay would have been improper here even with "good cause," for *Rhines* only permits district courts to stay *mixed* petitions, *i.e.*, those containing at least one exhausted claim along with one or more unexhausted claims. Here, Petitioner has no exhausted claims. In effect, there is no valid (exhausted) portion of the action to be stayed. *Cf. Raspberry, supra*, 448 F.3d at 1154 ("We decline to extend that [*Rhines*] rule" allowing discretionary stays of mixed petitions "to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included.").

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: October 26, 2010

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented By:

*Ralph Zarefsky*
_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE